UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

GEORGE F. ALDRIDGE, JR.,           )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   No. 1:18-CV-259 CAS
                                   )
NINA HILL,                         )
                                   )
        Defendant.                 )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff George F. Aldridge, Jr., an inmate at the Eastern Reception Diagnostic and Correctional Center ("ERDCC") and frequent filer of lawsuits, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.70. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons explained below, the Court will direct plaintiff to file an amended complaint and will deny his motion for appointment of counsel at this time.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $8.50 and an average monthly balance of $4.50. The Court will therefore assess an initial partial filing fee of $1.70, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders bare assertions devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the factual allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15

(8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint.").

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs by nurse practitioner Nina Hill during his incarceration at ERDCC. Plaintiff also alleges a negligence claim under Missouri tort law and a failure to accommodate claim under the Americans with Disabilities Act ("ADA"). He brings suit against Hill in both her individual and official capacities.

According to plaintiff, on September 4, 2018, he was ordered by this Court, the Honorable Stephen N. Limbaugh, Jr., to remove some facts and defendants from a separate, related suit brought by plaintiff, if he wanted to avoid dismissal of some claims in that suit. (Doc. 1 at 2, 13, 15); *see Aldridge v. Browning*, No. 1:18-CV-55 SNLJ (E.D. Mo.) (Doc. 16) (stating that "[i]f plaintiff sues more than one defendant, he may only include claims that are related to each other."). As a result, plaintiff did not name defendant Hill in his third amended complaint in the related suit, but instead filed this separate suit against Hill.

Plaintiff asserts that Hill has denied him adequate medical care and has been deliberately indifferent to his serious medical needs by failing "to provide [him with] adequate medical services at a level reasonably commensurate with modern medical science and of a quality acceptable when measured by prudent professional standards in the community tailored to [his] particular needs and medical conditions." He details numerous health problems in his long complaint, including cardiovascular disease causing high blood pressure; two herniated discs causing back pain; left elbow pain requiring a sleeve; a bone spur in his left knee causing pain and requiring a brace; an enlarged prostate causing prostate and rectum bleeding; bladder

incontinence causing urine leakage; chronic migraine headaches and head pain; chronic joint pain; previous eye injury causing reoccurring pain and requiring dark corrective lenses; hyperlipidemia; urinary tract infections; shooting pain and numbness in feet and lower body; ringing in ears and hearing problems; history of stroke; blackouts, dizzy spells, and blurred vision; sleep problems; loss of ability to exercise his large chest muscles; leg problems; and a need for orthotic shoes. Plaintiff specifically alleges that Hill has denied him care as to his enlarged prostate, bladder incontinence, chronic migraine headaches, stroke, chronic joint pain, use of corrective glasses, knee and elbow problems, and dizzy spells. Plaintiff also asserts that Hill "allowed the non-medical functions of prison life [to] inevitably influence the nature, timing and form of the care provided" to him. (Doc. 1 at 27.)

According to plaintiff, Hill's failures in his medical treatment have resulted in loss of sleep, loss of full range of motion in his elbows and knees, extensive pain, a likelihood to stumble and fall, and a stroke. He fears he will die of cancer if he does not receive adequate treatment. Plaintiff seeks damages, declaratory relief, and injunctive relief.

## Discussion

The Federal Rules of Civil Procedure provide, in relevant part, that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and a "demand for the relief sought." Fed. R. Civ. P. 8(a). They also provide that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The instant complaint comprises a total of 39 pages, most of which are single spaced. It contains over 120 numbered paragraphs, brimming with irrelevant, redundant, and overly detailed information. Plaintiff fails to simply and concisely state the facts behind his claims for relief against Hill.

The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from deliberate indifference to serious medical needs. *Luckert v. Dodge Cty.*, 684 F.3d 808, 817 (8th Cir. 2012). To survive initial review, plaintiff must plead facts sufficient to state a plausible claim for deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. To adequately plead deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that the defendant actually knew of, but deliberately disregarded, those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

A "serious medical need" is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011). Deliberate indifference may be demonstrated by prison officials who intentionally deny or delay access to medical care. *Estelle,* 429 U.S. at 104-05. When a delay in treatment is alleged to have violated an inmate's constitutional rights, the objective severity of the deprivation should also be measured by reference to the effect of the delay in treatment. *Jackson v. Riebold*, 815 F.3d 1114, 1120 (8th Cir. 2016) (citing *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005)).

Many of plaintiff's allegations describe how Hill did not treat his medical problems in the way plaintiff wanted them treated, not that Hill deliberately disregarded his medical needs. For example, for his bladder leakage, plaintiff alleges that Hill refused to provide diapers or a jock strap but instead gave him Kegel exercises to do so the leakage would stop. (Doc. 1 at 8, ¶¶ 17-18.)

Plaintiff also alleges deliberate indifference to some medical problems that do not appear to have been treated by Hill, as opposed to other medical personnel. To be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Here, it is not clear from the allegations of the complaint exactly how Hill is causally linked to, or bore any personal responsibility for, plaintiff's medical treatment for blackouts, dizzy spells, or blurred vision. Defendant Hill is not named in the paragraphs of the complaint describing these allegations. (Doc. 1 at 16, ¶¶ 47-48; at 20, ¶ 66.)

In addition, many allegations of the complaint are contradictory. For example, plaintiff alleges that Hill refused to treat his chronic pain for over 24 months, from August 2015 to December 2017. (Doc. 1 at 8, ¶ 21.) But later in his complaint, plaintiff states he refused to take some pain medications that were prescribed because they upset his stomach, and that Hill did prescribe him medications in November 2017. (*Id.* at 12, ¶¶ 33-37.) Plaintiff also implies he refused pain medication in February 2017 when Hill told him that "if he did not want narcotics" then he "would not get any medication for pain." (*Id.* at 10, ¶ 30.)

Plaintiff details his extensive medical problems in the "Statement of Facts" section of his complaint, and then makes legally conclusory statements in his "Statement of Claims." It is not clear how Hill was involved in the alleged denial of medical care for each of the many medical ailments alleged. As a result, even if the Court were to direct service of process to be issued, the complaint would fail to give the defendant sufficient notice of all the claims asserted against her. The Court recognizes that plaintiff is representing himself in these proceedings, but even *pro se* plaintiffs are expected to follow the Federal Rules of Civil Procedure. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996).

Because of the serious nature of the allegations of the complaint, the Court will give plaintiff the opportunity to file an amended complaint. Plaintiff must prepare the amended complaint using a Court-provided form, and he must specify whether he intends to sue each defendant in an official capacity, individual capacity, or both. In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that defendant. If plaintiff is suing more than one defendant, he should do the same thing for each one, separately writing each defendant's name and, under that name, a short and plain statement of the factual allegations supporting his claim against that defendant. Plaintiff is reminded that each of his allegations must be simple, concise, and direct. Plaintiff should leave out unnecessary details, irrelevant facts, or duplications. Plaintiff may not amend his complaint by referring to, or trying to incorporate, other documents.

Plaintiff must file an amended complaint within twenty-one (21) days of the date of this Memorandum and Order. Plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously filed pleadings, so plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id.* The allegations in the amended complaint may not be conclusory. Instead, plaintiff must plead facts that show how each and every defendant he names is personally involved in or directly responsible for each instance of alleged

harm. Plaintiff's failure to timely comply with this Memorandum and Order may result in the dismissal of this case with prejudice.

### Appointment of Counsel

Finally, the Court will deny plaintiff's motion for appointment of counsel without prejudice. There is no constitutional or statutory right to appointed counsel in civil cases. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). To determine whether to appoint counsel, the Court considers several factors, including whether: (1) the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) the plaintiff will substantially benefit from the appointment of counsel; (3) there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005. After considering these factors, the Court finds that the facts and legal issues involved in plaintiff's case are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.70 within **twenty-one (21) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint on the Court-provided form within **twenty-one (21) days** from the date of this Order.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED without prejudice**. [Doc. 3]

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 12th day of February, 2019.