# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| GEORGE F. ALDRIDGE, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-CV-259 CAS ) |
| NINA HILL, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of *pro se* plaintiff George F. Aldridge, Jr.'s amended complaint under 28 U.S.C. § 1915. For the reasons discussed below, the Court will partially dismiss the amended complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the amended complaint.

## Legal Standard for Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint

states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

**Background**

Plaintiff, an inmate at the Eastern Reception Diagnostic and Correctional Center ("ERDCC"), filed his complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs by nurse practitioner Nina Hill. Plaintiff also asserted allegations of negligence under Missouri tort law and failure to accommodate under the Americans with Disabilities Act ("ADA"). He brought suit against Hill in both her individual and official capacities.[1]

Plaintiff's complaint detailed numerous health problems and asserted that Hill denied him adequate medical care for these problems. The Court attempted to review plaintiff's complaint

---

[1] According to plaintiff, on September 4, 2018, he was ordered by this Court, the Honorable Stephen N. Limbaugh, Jr., to remove some facts and defendants from a separate, related suit brought by plaintiff, if he wanted to avoid dismissal of some claims in that suit. (Doc. 1 at 2, 13, 15); *see Aldridge v. Browning*, No. 1:18-CV-55 SNLJ (E.D. Mo.) (Doc. 16) (stating that "[i]f plaintiff sues more than one defendant, he may only include claims that are related to each other."). As a result, plaintiff did not name defendant Hill in his third amended complaint in the related suit, but instead filed this separate suit against Hill.

under the Prison Litigation Reform Act, 28 U.S.C. § 1915. However, the complaint contained so much irrelevant, redundant, and overly detailed information that the Court could not ascertain the alleged connection between the allegations and the defendant. As a result, on February 12, 2019, the Court ordered plaintiff to file an amended complaint in order to cure the pleading deficiencies. (Doc. 9.) In that order, the Court informed plaintiff that his amended complaint would be reviewed under 28 U.S.C. § 1915. Plaintiff requested and was granted an extension of time to file his amended complaint, which he filed on April 3, 2019. (Doc. 13.)

## The Amended Complaint[2]

Plaintiff's amended complaint is brought against defendant Nina Hill in both her official and individual capacities. Plaintiff describes his allegations as three main claims: (1) denial of adequate medical care and deliberate indifference to his serious medical conditions, (2) denial of reasonable disability accommodations, and (3) denial of his right to free exercise of religion. (Doc. 13 at 4.)

Plaintiff alleges that defendant Hill diagnosed him with multiple medical problems and then failed to treat these problems at various times between 2015 and 2017. Plaintiff also alleges that most of these medical problems constitute a "diagnosed ... disability" which Hill failed to accommodate, resulting in a substantial limitation of his ability to participate in life activities, services, and programs such as recreation, library, learning center, and visitation. (*Id.* at 15-17, 21-22.) Some of plaintiff's handwriting is hard to decipher, but his extensive list of medical problems appear to include: cardiovascular heart disease, high blood pressure, enlarged prostate, osteoporosis, abnormal growth on his knee and knee pain, chronic joint pain, bulging/herniated

---

[2]The "Introduction" section of plaintiff's amended complaint describes the Court's order giving plaintiff an opportunity to file an amended complaint as an attempt to "abuse" and "belittle" plaintiff in a demonstration of the Court's "bias and prejudicial" favor toward the defendant. (Doc. 13 at 3-4.) This is not correct. The Court's order attempted to help plaintiff adequately state a claim by providing direction on what is required in a well-plead complaint under the Federal Rules of Civil Procedure, as opposed to dismissing plaintiff's original complaint for failure to state a claim. (*See* Doc. 9.)

disc in his lower back, migraine headaches, high cholesterol, leaking bladder, neuropathy in his feet and legs, dizzy/fainting spells, right testicle pain, diabetes, hearing loss, sleeping problems, and numbness in his pubic area. (*Id.* at 5-17.) Plaintiff also seeks to bring his failure to treat allegations as tort claims of negligence and malpractice under Missouri state law.

Besides the denial of medical care as to specific medical ailments, plaintiff's complaint contains many other more general allegations against Hill regarding medical care. For example, plaintiff alleges that he was prescribed dark lens glasses by an optometrist but that Hill directed correctional officers to confiscate these special glasses while plaintiff was in administrative segregation. (*Id.* at 8.) Plaintiff also asserts that Hill denied him pain medication because he is a recovering drug addict and has drug sensitivities. (*Id.* at 9.) Plaintiff blames Hill for not receiving caffeinated coffee for his headaches, not getting a referral to a urologist, violating his confidentiality by discussing his medical problems with custody staff, and falsifying his medical records. (*Id.* at 12.) Most of plaintiff's allegations stem from his belief that Hill denied him proper treatment for his medical conditions while he was confined in administrative segregation, and that Hill even told him that if he would "stay out of ad-seg" then she would treat him. (*Id.* at 13.)

Plaintiff attached exhibits to his amended complaint listing the multiple lay-in restrictions he has received at various times during his incarceration. Presumably, these exhibits are to support plaintiff's allegations that Hill has not provided needed lay-in restrictions or assistive devices such as: extended back cuffing and/or front cuffing due to his shoulder and elbow pain; a kneeling restriction or knee sleeve brace due to knee pain; a jock strap, mesh underwear, extra toilet paper, and/or wearable incontinence pads for bladder leakage; and extra pillows to put between his knees for back pain while sleeping. (*Id.* at 7, 10; Doc. 13-3 at 1-26.)

Plaintiff also brings claims against Hill under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc-1, *et seq.* Plaintiff alleges that Hill deprived him of the free exercise of his religion when she had his eyeglasses confiscated and when she did not prescribe an assistive kneeling device because these actions prevented plaintiff from reading his religious texts and deprived him of the ability to pray. (Doc. 13 at 8, 12, 23.) Plaintiff also claims he was denied free exercise of his religion when Hill failed to treat his chronic headaches and kneeling pain. (*Id.* at 23.)

As a result of Hill's failure to treat plaintiff's medical conditions, plaintiff states that he had a stroke; has lost full range of motion in his left elbow and right knee; has lost feeling in his pubic area; has pain in his feet, legs, and right shoulder; cannot sleep, kneel, squat, climb stairs, or exercise; and has fallen and run into things causing eye injuries and a concussion. (*Id.* at 6, 11, 24.) Plaintiff seeks damages, declaratory relief, and injunctive relief. (*Id.* at 26-30.)

**Discussion**

Plaintiff brings this action against Hill in both her individual and official capacities under 42 U.S.C. § 1983. For purposes of § 1915 review, the Court finds that plaintiff has stated sufficient allegations in his amended complaint for the deliberate indifference to his medical needs claim to proceed against Hill in her individual capacity. However, the Court will dismiss all of plaintiff's official capacity claims, and his individual capacity claims based on a failure to accommodate his disabilities, and on a violation of his right to free exercise of religion.

*Official Capacity Claims*

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also*

*Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). As such, plaintiff's official capacity claim against defendant Hill is actually a claim against Hill's employer, Corizon Health Services.

In order to prevail on an official capacity claim against Corizon, plaintiff must establish the liability of Corizon itself for the alleged conduct. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018); *Kelly*, 813 F.3d at 1075. In order to demonstrate such liability, plaintiff must show that the constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *See Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018).

Plaintiff's amended complaint contains no allegations that any of Hill's actions towards plaintiff in terms of medical care, disability accommodation, or exercise of religion were the result of Corizon's official policy, unofficial custom, or its failure to train or supervise. Such allegations are necessary to state an official capacity claim. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights). Therefore, plaintiff's official capacity claims against defendant Hill must be dismissed for failure to state a claim.

<u>Deliberate Indifference Claim</u>

The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from deliberate indifference to serious medical needs. *Luckert v. Dodge Cty.*, 684 F.3d 808, 817 (8th Cir. 2012). To survive initial review, plaintiff must plead facts sufficient to state a plausible claim for deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. To adequately plead deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of, but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

A "serious medical need" is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (quoted case omitted). Deliberate indifference may be demonstrated by prison officials who intentionally deny or delay access to medical care. *Estelle,* 429 U.S. at 104-05. When a delay in treatment is alleged to have violated an inmate's constitutional rights, the objective severity of the deprivation should also be measured by reference to the effect of the delay in treatment. *Jackson v. Riebold*, 815 F.3d 1114, 1120 (8th Cir. 2016) (citing *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005)).

Plaintiff alleges many serious medical needs and that Hill deliberately disregarded those needs when she refused to provide him with medical care while he was in administrative segregation. Plaintiff states that Hill diagnosed many of his medical problems and was therefore personally involved in and aware of his medical needs. Plaintiff alleges that despite this knowledge, Hill refused him treatment and medication on multiple occasions. Plaintiff also alleges very serious results from this denial or delay in medical care, including a stroke, a

7

concussion, and the loss of full range of motion in multiple body parts. Because plaintiff has sufficiently pled an Eighth Amendment violation to survive initial review under § 1915, the Court will direct the Clerk to issue process on this claim against Hill in her individual capacity.

*Failure to Accommodate Claim*

Plaintiff alleges that Hill denied him reasonable accommodations under the ADA and the Rehabilitation Act, 29 U.S.C. §§ 701-796 (2000). Plaintiff's ADA allegations fall under Title II of the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, provides the same rights, procedures, and remedies against discrimination by recipients of federal funding as Title II of the ADA. *I.Z.M. v. Rosemount-Apple Valley-Eagan Public Schools*, 863 F.3d 966, 972 (8th Cir. 2017). Although there are some differences between these two statutes, the Eighth Circuit instructs that the statutes should be construed the same and case law interpreting either statute is generally applicable to both. *Durand v. Fairview Health Servs.*, 902 F.3d 836, 841 (8th Cir. 2018).

Title II of the ADA covers inmates in state prisons, *Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 208-12 (1998), however, it only applies against "public entities." 42 U.S.C. § 12132. Under 42 U.S.C. § 12131(1), "The term 'public entity' means . . . any State or local government [or] any department, agency, special purpose district, or other instrumentality of a State or States or local government." The term "does not include individuals." *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999). A private contractor, like Corizon employee Hill, does not become a "public entity" under Title II merely by contracting with a governmental entity to provide governmental services. *See Green v. City of New York*, 465 F.3d 65, 79 (2nd Cir.

8

2006). As a result, neither the ADA nor the Rehabilitation Act imposes liability on Hill in her individual capacity for a failure to accommodate plaintiff's alleged disabilities. This claim fails to survive initial review under 28 U.S.C. § 1915 and will be dismissed.

*Free Exercise of Religion Claim*

Plaintiff also fails to state a claim that Hill has violated his right to the free exercise of religion under the First Amendment or the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Under the RLUIPA,

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
>
> **(1)** is in furtherance of a compelling governmental interest; and
>
> **(2)** is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C.A. § 2000cc-1(a).

Regarding the RLUIPA and freedom of religion claim generally, plaintiff fails to allege sufficient facts to suggest that his ability to practice his religion was substantially burdened by defendant Hill. *See Patel v. U.S. Bureau of Prisons,* 515 F.3d 807, 815 (8th Cir. 2008) (holding a prisoner-plaintiff must show he "has exhausted alternative means of accommodating his religious . . . needs" to prove a substantial burden under RLUIPA or the Free Exercise Clause); *see also Gladson v. Iowa Dep't of Corr.,* 551 F.3d 825, 833-34 (8th Cir. 2009). Plaintiff alleges the correctional officers confiscated his "dark lens" glasses at the behest of Hill, but he does not allege that those glasses were required for reading, only that they had tinted lenses. (Doc. 13 at 8, 23.) Plaintiff also blames Hill for not being able to pray in a kneeling position without knee pain, but his physical pain was not caused by Hill but by his own body. In addition, plaintiff has not

9

demonstrated that he has exhausted alternative means of accommodating his religious need, such as reading his Bible without tinted lenses or praying in a different position.

Even if plaintiff had pled a cognizable free exercise of religion claim, RLUIPA does not authorize individual capacity claims against prison officials. *See Nelson v. Miller*, 570 F.3d 868, 888-89 (7th Cir. 2009) (citing cases); *Blake v. Cooper,* 2013 WL 523710, at *1 (W.D. Mo. Feb. 12, 2013).[3] Therefore, for these reasons, plaintiff's RLUIPA and free exercise of religion claims are frivolous and will be dismissed.

### Appointment of Counsel

Plaintiff also filed a second motion for appointment of counsel, a memorandum in support of his motion, and a declaration from an inmate who assisted plaintiff in the preparation of his motion. (Docs. 14, 15, 16.) To determine whether to appoint counsel, the Court considers several factors, including whether: (1) the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) the plaintiff will substantially benefit from the appointment of counsel; (3) there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984).

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir.

---

[3]While RLUIPA does allow official capacity claims against prison officials, it does not authorize monetary damages based on official-capacity claims. *See Van Wyhe v. Reisch*, 581 F.3d 639, 655 (8th Cir. 2009). And as for any claim by plaintiff for injunctive relief regarding the free exercise of religion, such claim would be moot because plaintiff states the time period for the alleged deprivations ended in 2017. (*See* Doc. 13 at 23.)

2018). In his memorandum in support, plaintiff argues that his case will be factually complex requiring expert witnesses, that he will need assistance in investigating the case since he is in administrative segregation, and that he lacks legal training to adequately present his case. (Doc. 15.)

After considering these factors, the Court finds that the appointment of counsel is not warranted at this time and the motion will be denied without prejudice. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in the case at this stage in the litigation appear to be unduly complex. No case management order has been issued yet and discovery in this case has not commenced, so it is presently unclear the extent to which there will be conflicting testimony. Plaintiff may file a motion for appointment of counsel in the future as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the amended complaint as to defendant Nina Hill in her individual capacity with regard to plaintiff's claim of deliberate indifference to his serious medical needs, pursuant to the service agreement the Court maintains with Corizon.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the amended complaint as to defendant Nina Hill for any of plaintiff's official capacity claims. Plaintiff's official capacity claims against defendant Nina Hill are **DISMISSED without prejudice** for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the amended complaint as to defendant Nina Hill in her individual capacity with regard to plaintiff's claims of failure to accommodate his disabilities and deprivation of his right to free exercise of religion under the Americans with Disabilities Act, the Rehabilitation Act, and the

Religious Land Use and Institutionalized Persons Act, because they are legally frivolous or fail to state a claim upon which relief can be granted, or both. Plaintiff's failure to accommodate and deprivation of his right to free exercise of religion claims against defendant Nina Hill are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED without prejudice.** [Doc. 14]

**IT IS FURTHER ORDERED** that an appeal from this partial dismissal would not be taken in good faith.

An Order of Partial Dismissal will accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  22nd  day of May, 2019.