UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GEORGE F. ALDRIDGE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-CV-259 CAS |
| ) | |
| NINA HILL, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motions of plaintiff George F. Aldridge, Jr. for default judgment and for appointment of counsel. (Docs. 29, 31). Defendant Nina Hill opposes the motion for default judgment. Plaintiff did not file a reply in support of the motion for default judgment and the time to do so passed on October 10, 2019. The motions will be denied for the following reasons.

Motion for Default Judgment

Plaintiff moves for default judgment on the basis that defendant failed to comply with paragraph I.3 of the Case Management Order requiring her to submit specified discovery information to plaintiff by August 28, 2019.[1] Defendant responds that her initial disclosures with 126 pages of grievance records and 2,121 pages of medical records were mailed to plaintiff on August 26, 2019, and tracking information showed they were delivered to plaintiff's

---

[1] Plaintiff also complains that defendant's attorneys in a separate case "have entered into legal gymnastics in an attempt to deny the plaintiff the ability to prosecute his case[.]" (Doc. 29 at 2.) Plaintiff is advised the Court will not be persuaded or influenced by allegations concerning defense counsel's conduct in other cases and will look only to the facts and circumstances of this case.

institution on August 30, 2019, but the documents must have been lost during processing. Defendant states she mailed another copy of the disclosures to plaintiff on October 3, 2019.[2]

Plaintiff's motion is not based on defendant's failure to answer his Amended Complaint but rather on an alleged failure to provide discovery as ordered. As such, plaintiff's motion is properly construed as a motion for discovery sanctions under Rule 37, Fed. R. Civ. P., and not a motion for default judgment. This Court's Local Rule 3.04(A) provides:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

E.D. Mo. L.R. 3.04(A).

Pro se litigants are not excused from complying with court orders or substantive and procedural law. American Inmate Paralegal Ass'n v. Cline, 859 F.2d 59, 61 (8th Cir. 1988). Although plaintiff may be unable to confer with defendant's counsel in person or by telephone, he can write to attempt to resolve the dispute, and must do so prior to filing any motion relating to discovery and disclosure. Plaintiff should have written to defendant's counsel and stated he did not receive plaintiff's initial disclosures before he filed any motion with the Court. As a result of plaintiff's failure to comply with Local Rule 3.04(A), the Court will not consider the instant motion and will deny the same without prejudice.

---

[2]Because plaintiff has not filed a reply in support of his motion for default judgment, the Court assumes he has now received plaintiff's initial disclosures.

Moreover, even if the Court were to consider the merits of the motion, a dismissal under Rule 37 is permitted only where there is an order compelling discovery, a willful violation of the order, and prejudice. Comstock v. UPS Ground Freight, Inc., 775 F.3d 990, 992 (8th Cir. 2014). Although the Case Management Order orders that discovery be made, it is not an "order compelling discovery," so the first requirement for a discovery sanction of dismissal cannot be met. Defendant states she mailed the initial disclosures, they were delivered but apparently lost at plaintiff's institution, and upon learning of this defendant mailed a second set.[3] Under these circumstances there is no indication of a willful violation by defendant, and no apparent prejudice to plaintiff.

Plaintiff's motion for default judgment, construed as a motion for discovery sanctions under Rule 37, will be denied without prejudice for failure to comply with Local Rule 3.04(A).

Motion for Appointment of Counsel

Plaintiff filed a third motion for appointment of counsel, although it is titled "Second Motion for Appointment of Counsel." (See Docs. 3, 14.) Plaintiff's motion is based on allegations contained in his prior motions for appointment of counsel and on new allegations that defendant is in default and refuses to provide discovery.

The Court continues to believe that appointment of counsel is not warranted at this time. The case is still in its early stages as initial discovery disclosures have only recently been exchanged and defendant is not in default. Plaintiff's third motion for appointment of counsel will be denied under the same standards and for the same reasons set out in the Memorandum

---

[3]The Court accepts defense counsel's representation concerning the mail tracking information as counsel is an officer of the Court, but counsel should provide a copy of this type of information in any future filing.

and Order of May 22, 2019 (Doc. 20 at 10-11).  Plaintiff may file a motion for appointment of counsel in the future as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment is **DENIED** for failure to comply with Local Rule 3.04(A).  [Doc. 29]

**IT IS FURTHER ORDERED** that plaintiff's [third] motion for appointment of counsel is **DENIED without prejudice**.  [Doc. 31]

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  30th  day of October, 2019.