**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **GEORGE F. ALDRIDGE, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:18-cv-00259-SNLJ** |
| | ) | |
| **NINA HILL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on *pro se* plaintiff George Aldridge's "motion for subpoena and/or court order for compelling defendant's witnesses to complete all of plaintiff's written depositions and interrogatories." (ECF #39). That motion will be **DENIED**.

This case involves a Section 1983 complaint by plaintiff, an inmate at Eastern Reception Diagnostic and Correctional Center, alleging defendant Nina Hill failed to adequately treat several of his medical conditions including cardiovascular issues, an enlarged prostate, osteoporosis, and chronic joint pain. *See* 42 U.S.C. § 1983. The pending motion seeks to question "26 witnesses" through "interrogatories and written deposition questions." Those interrogatories and deposition questions were not attached to plaintiff's motion; so, they cannot be properly evaluated. In any event, ***interrogatories*** cannot be directed to non-party witnesses. *See* FED. R. CIV. P. 33(a)(1) (limiting interrogatories to those served "on any other party"); *Maher v. Tennessee*, 2019 WL 1339602 at *1 (W.D. Tenn. Mar. 25, 2019) (*pro se* plaintiff could not require non-party

witnesses to respond to Rule 33 interrogatories). To the extent plaintiff is, instead, invoking the machinery of Rule 30(c)(3), which allows a party to ***depose*** "any person" through "written questions," he has not demonstrated that he is capable (or willing) to pay the associated costs—particularly of 26 depositions. *See Stockdale v. Stockdale*, 2009 WL 5103265 at *2 (E.D. Mo. Dec. 17, 2009) (denying motion for leave to depose witness where plaintiff failed to show he was "willing or able to meet [the associated] costs"). Among other things, Rule 30 requires a deposition to be taken before an officer who places the witness under oath, records their responses, and makes a transcript or recording available to the witness for review. FED. R. CIV. P. 33(b), (c). This recording cost falls on plaintiff. FED. R. CIV. P. 33(b)(3)(A).  Finally, because more than 10 depositions are being sought, leave is required (absent party stipulation) that requires this Court to consider whether leave, if granted, would be "consistent with Rule 26(b)(1) and (2)." FED. R. CIV. P. 33(a)(2), (a)(2)(A)(i). Rule 26(b)(1) requires discovery to be "relevant" and "proportional." FED. R. CIV. P. 26(b)(1). But, neither of those requirements can be evaluated, here, where plaintiff has failed to attach his proposed deposition questions—this Court is, thus, left in the dark and cannot meaningfully evaluate the propriety of granting leave to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff George Aldridge's "motion for subpoena and/or court order for compelling defendant's witnesses to complete all of plaintiff's written depositions and interrogatories" (ECF #39) is **DENIED**.

So ordered this 20th day of April 2020.

_____

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE