UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| **GEORGE F. ALDRIDGE, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-00259-SNLJ |
| | ) | |
| **NINA HILL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court on *pro se* plaintiff George Aldridge's "motion for an extension of the discovery process" (ECF #42), "motion to compel defendant to produce documents requested and to answer the interrogatories requested" (ECF #44), "second motion to extend the discovery process," (ECF #53), and "motion for extension of time to respond to defendant's motion for summary judgment until March 31, 2021" (ECF #54).

This case involves a Section 1983 complaint by plaintiff, an inmate at Eastern Reception Diagnostic and Correctional Center, alleging defendant Nina Hill failed to adequately treat several of his medical conditions including cardiovascular issues, an enlarged prostate, osteoporosis, and chronic joint pain. *See* 42 U.S.C. § 1983. Discovery was to be completed by March 18, 2020. Plaintiff sought an extension because he was "locked up" in "administrative protective custody segregation," making it difficult to access the law library and his legal files. The Court granted a 60-day extension on March 19, 2020. His new motions for a second extension (ECF #42, 53) suggest plaintiff "must

1

begin discovery all over again," and ask that the discovery deadline be extended again to January 31, 2021, in part because of "the corona virus quarantine" that has, apparently, further frustrated his access to records.

Plaintiff's coronavirus allegations are bald and without support—they are disregarded. But, from a holistic reading of his several motions, this Court takes plaintiff's ongoing complaint to be that he has not gotten the documents he says he needs because defendant has, in essence, not cooperated with him. To be sure, on April 20, 2020, this Court addressed plaintiff's "motion for subpoena and/or court order for compelling defendant's witnesses to complete all of plaintiff's written depositions and interrogatories." The court reminded plaintiff that Rule 33 "interrogatories cannot be directed to non-party witnesses," and explained that Rule 30(c)(3), if that was instead being invoked, requires demonstration that plaintiff was capable and willing to pay for 26—or more—depositions that plaintiff seeks (plaintiff now suggests it may be closer to 88). (ECF #41, pp. 1-2). Ultimately, the Court denied plaintiff's motion noting that the at-issue interrogatories and deposition questions were not attached to plaintiff's motion for evaluation. Now, in his new motions to extend the discovery deadline, plaintiff accuses the Court of "totally ignor[ing] the explanation that plaintiff gave for not being able to supply the Court copies of deposition questions." This Court did not ignore plaintiff—it said only that a motion to compel cannot be granted when the Court is otherwise "left in the dark" due to "plaintiff['s] fail[ure] to attach his proposed deposition questions." (ECF #41, p. 2).

Some of those discovery questions—interrogatories and requests for production directed to defendant—are now in hand, (ECF #44-1, 44-2), and the Court notes that defendant has objected to many of them on grounds of relevancy and overbreadth. Often, defendant signals to plaintiff that his questions are unreasonably broad in time and scope—demanding emails, charts, notes, and such for an unlimited period of time—that might be cured with a bit more finesse in framing the questions' reach. Moreover, in several instances defendant has responded that she is "not in possession, custody, or control of [the requested] documents" or, else, has responded notwithstanding objections. It is unclear if plaintiff is somehow dissatisfied with these responses. Whatever the case, at this stage plaintiff's motion still comes up short; he fails to explain which objections he challenges (perhaps all of them) and, more importantly, fails to explain with any on-target legal analysis why each objection should be stricken—citing, instead, only to generalized discovery principles. To plaintiff's point, this Court agrees he is "entitled to obtain documents" that will assist in his case. But, it is not this Court's role to act as his advocate. He will need to address the discovery rules and defendant's objections in a follow-up attempt. For now, plaintiff's motion to compel (ECF #44) will once again be denied.[1]

---

[1] As part of his motion, plaintiff also "request[s] the Court subpoena [several] documents from [the] Missouri Department of Corrections," a non-party to this case. Rule 34(c) provides an avenue for compelling non-parties to produce documents "as provided in Rule 45." FED. R. CIV. P. 34(c). The Court "retains the discretion to refuse to issue Rule 45 subpoenas to nonparties if [plaintiff] does not provide sufficient information." *Simmons v. Dodson*, 2016 WL 2958030 at *2 (E.D. Mo. May 23, 2016). Plaintiff fails to explain how any of the information he seeks is relevant, other than to say "[t]hese documents are relevant." To the extent it can be read as a Rule 45 motion, plaintiff's request is also denied for now. He may refile his motion, but any further effort to do so must be accompanied by a brief explanation of the relevancy of each

That leaves the three motions dealing with extensions of time. This Court agrees plaintiff should not be forced to address a motion for summary judgment, also on file, when he is still reasonably engaged in a discovery dispute—this Court is mindful of plaintiff's *pro se* status and general diligence in seeking potentially relevant information. But, the time for extensions and rehashed arguments must eventually draw to a close—and soon. The two discovery-related extension motions will be granted in part, for an additional period of 75 days. It appears from the filings that plaintiff is now out of segregation and with access to his records (demonstrated by the exhibits he attaches). Thus, plaintiff should work with haste in presenting a well-supported motion to compel—that is, one that acknowledges defendant's objections but explains how or in what capacity specific questions should nonetheless be answered based on the discovery rules and caselaw interpreting them. If plaintiff also seeks a subpoena duces tecum directed to non-parties (presumably for those records defendant says she does not possess), he must explain how the information he is seeking is proportional and relevant to this case. ***This discovery extension is for the final time***. After 75 days has elapsed, and discovery disputes have resolved, plaintiff shall then respond to defendant's motion for summary judgment within 21 days after the discovery period ends or this Court's Order resolving any lingering discovery disputes, whichever is later.

Accordingly,

---

request so that this Court can assess compliance with Rule 45(d)(1), which requires the subpoenaing party to "avoid imposing undue burden or expense on [the] person subject to the subpoena."

**IT IS HEREBY ORDERED** that plaintiff George Aldridge's "motion for an extension of the discovery process" (ECF #42), "second motion to extend the discovery process," (ECF #53), and "motion for extension of time to respond to defendant's motion for summary judgment until March 31, 2021" (ECF #54) are **GRANTED IN PART and DENIED IN PART**. **The discovery period shall be extended for an additional 75 days, to conclude on Monday, October 19, 2020. <u>No further extensions will be granted</u>**. After the discovery period has concluded, and if there are no pending discover motions, plaintiff shall file a response to defendant's motion for summary judgment within 21 days after October 19, 2020—that is, by or before Monday, November 9, 2020. Else, if a discovery motion is pending, plaintiff shall respond to defendant's motion for summary judgment within 21 days of this Court's Order resolving such motion.

**IT IS FURTHER ORDERED** that plaintiff's "motion to compel defendant to produce documents requested and to answer the interrogatories requested" (ECF #44) is **DENIED**.

So ordered this 4th day of August 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE