**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| **GEORGE F. ALDRIDGE, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:18-cv-00259-SNLJ |
| ) | |
| **NINA HILL,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on *pro se* plaintiff George Aldridge's "Motion for Subpoena under Rule 45" (ECF #61). For the following reasons, that motion is **GRANTED IN PART and DENIED IN PART**.

This case, filed on October 29, 2018, involves a Section 1983 complaint by plaintiff, an inmate at Eastern Reception Diagnostic and Correctional Center ("ERDCC"), alleging defendant Nina Hill failed to adequately treat several of his medical conditions including cardiovascular issues, an enlarged prostate, osteoporosis, and chronic joint pain. *See* 42 U.S.C. § 1983. On August 4, 2020, this Court extended the discovery deadline until Monday, October 19, 2020. It was noted that "no further extensions will be granted." (ECF #56, p. 5).

In that same Order, this Court explained:

> As part of his motion, plaintiff also "request[s] the Court subpoena [several] documents from [the] Missouri Department of Corrections," a non-party to this case. Rule 34(c) provides an avenue for compelling non-parties to produce documents "as provided in Rule 45." FED. R. CIV. P. 34(c). The Court "retains the discretion to refuse to issue Rule 45

1

>  subpoenas to nonparties if [plaintiff] does not provide sufficient information." *Simmons v. Dodson*, 2016 WL 2958030 at *2 (E.D. Mo. May 23, 2016). Plaintiff fails to explain how any of the information he seeks is relevant, other than to say "[t]hese documents are relevant." To the extent it can be read as a Rule 45 motion, plaintiff's request is also denied for now. He may refile his motion, but any further effort to do so must be accompanied by a brief explanation of the relevancy of each request so that this Court can assess compliance with Rule 45(d)(1), which requires the subpoenaing party to "avoid imposing undue burden or expense on [the] person subject to the subpoena."

(ECF #56, p. 3, n.1). Plaintiff's motion attempts to address these concerns. Plaintiff seeks the following records: (1) "Chapter 20 of the Institutional Services Procedure [of the Missouri Department of Corrections]," (2) his "legal material and books now in the E.R.D.C.C. property room boxed up and stored for transfer," (3) his "individual confinement record from August 20, 2015 until December 21, 2017," (4) the "file access items listed in Policy D5-3.2 Offender Grievance Procedure, III S. 3 and 4," and (5) the "pass log from AD/SEG at S.E.C.C. between August 20, 2015 and December 21, 2017, that pertains to plaintiff."

Topics 1, 2, 3, and 5 appears reasonably limited in time and scope, are well-defined, and plausibly contain information relevant to plaintiff's claims. Topic 1 purportedly "contains [policy] restrictions placed upon defendant" in her treating decisions of plaintiff. Topic 2 is apparently a set of materials plaintiff, himself, has compiled for this case that have been denied to him "because of the COVID-19 pandemic." Topic 3 purportedly contains "entries of events involving the plaintiff's confinement in AD/SEG … [that] document [medical] problems plaintiff had." Topic 5 purportedly contains entries of "major instances such as injury and so forth" and "notes

where defendant Hill specifically stated … restrictions placed on her treatment of plaintiff."

As for Topic 4, plaintiff attaches a 22-page MDOC procedure manual, entitled "D5-3.2 Offender Grievance" and says he wants "all of the file access items listed" therein, except "investigating materials" that are specifically prohibited by Section III, paragraph S.4. As best as can be discerned, plaintiff seeks the "offender grievance files and materials therein" describe by paragraph S.3, which shall only be released "at the direction of the division director[,] department director[,] or pursuant to a court order." Plaintiff says that "each time an offender files an I.R.R. grievance, or grievance appeal, if it is on medical treatment, then the medical staff assigned to treat plaintiff (defendant Hill) must make a staff statement and/or staff report." Plaintiff wants Hill's statement/report as it pertains to the claims of this case. The Court sees no reason why plaintiff should not be entitled to the rationale defendant gave to the grievance officials in caring for plaintiff's conditions. However, plaintiff does not explain what else in the grievance files he might want, and why, so this Court will not grant carte blanche access to the entire "grievance files and materials" without better explanation. Topic 4 will only be granted to the extent it seeks any statements or reports by defendant Hill contained in the grievance files and materials.

An inmate is entitled to seek documentation through Rule 34(c) from non-parties to the extent such documentation is relevant and sufficiently defined so as not to constitute a meandering fishing expedition. *See Simmons v. Dodson*, 2016 WL 2958030 at *3 (E.D. Mo. May 23, 2016) (granting inmate's Rule 34(c) motion that sought medical

3

records, limited by topic and time period, which were relevant to his claim that officials interfered with his medical care and diet). Noting plaintiff's considerable struggles in gaining the information he seeks, *see Aldridge v. Hill*, 2020 WL 4470842 at *1 (E.D. Mo. Aug. 4, 2020), and the narrowing of his requests in his pending motion to a group of documents appearing both relevant and not unduly burdensome to produce, plaintiff 's motion will be partially granted. In so doing, the Court notes plaintiff has not attached completed subpoenas forms. Accordingly, the Clerk of the Court will be directed to send plaintiff blank subpoena forms. Plaintiff shall fill out the subpoena forms, as limited by this Order, and return them to the Court requesting service on nonparties by the U.S. Marshal.[1] Plaintiff should not sign the subpoenas, as they will be signed by the Clerk after they are returned to and reviewed by the Court. The subpoena forms should be typewritten, if possible, or otherwise must be legible or they will not be considered.

    Accordingly,

**IT IS HEREBY ORDERED** that plaintiff George Aldridge's "Motion for Subpoena under Rule 45" (ECF #61) is **GRANTED IN PART and DENIED IN PART**. A subpoena duces tecum shall issue to the Director of the Missouri Department of Corrections, Anne L. Precythe, for (1) "Chapter 20 of the Institutional Services Procedure [of the Missouri Department of Corrections]," (2) plaintiff's "legal material and books

---

[1] Plaintiff's motion to proceed *in forma pauperis* ("IFP") was granted on February 12, 2019. (ECF #9). The IFP statute provides that "officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d). This requirement applies not only to service of original process, but also to service of a subpoena duces tecum. *See Edwards v. Dwyer*, 2011 WL 13277528 at *3, n.4 (E.D. Mo. June 23, 2011); *accord O'Connor v. Perez*, 2020 WL 1974194 at *1 (E.D. Cal. Apr. 24, 2020); *Oliver v. Baker*, 2015 WL 13734986 at *5 (D. Mont. Aug. 25, 2015).

now in the E.R.D.C.C. property room boxed up and stored for transfer," (3) plaintiff's "individual confinement record from August 20, 2015 until December 21, 2017," and (4) the "pass log from AD/SEG at S.E.C.C. between August 20, 2015 and December 21, 2017, that pertains to plaintiff." However, as for the "file access items listed in Policy D5-3.2 Offender Grievance Procedure, III S. 3 and 4," only statements and/or reports by defendant Hill contained in the "grievance files and materials" shall be produced. The motion is denied to the extent it seeks carte blanche access to the grievance files and materials without adequate explanation.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send to plaintiff blank subpoena forms so that he may fill them out in accordance with this Order, to be returned to the Court for further review and service by the U.S. Marshalls.

So ordered this 16th day of September 2020.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

5