UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GEORGE F. ALDRIDGE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-00259-SNLJ |
| | ) |
| NINA HILL, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file.

On December 14, 2020, this Court observed that the U.S. Marshal had not yet served certain subpoenas that had been sought by plaintiff. The Court had inquired with the Marshal's office and was awaiting response. This Court ordered that plaintiff's response to defendant's pending motion for summary judgment was extended to 21 days after the subpoenaed parties had provided documents to the plaintiffs.

Upon further inquiry, this Court has learned that the subpoenas were served on October 29, 2020. [#97-101.] The time for the subpoenaed entity to respond has long passed. Plaintiff should advise the Court whether he has received responses to the subpoenas, and, if not, plaintiff should file a motion to enforce the subpoena.

Plaintiff has also filed a motion to compel [#86] defendant to respond to certain discovery requests. A party moving to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the disclosure or discovery in an effort to obtain it without

1

court action." Fed. R. Civ.P. 37(a)(1). This Court "will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord." E.D. Mo. L.R. 3.04(A). Plaintiff's incarceration does not exempt him from the requirement that he correspond with opposing counsel regarding discovery or disclosure prior to filing a motion to compel. Then plaintiff must "describe the nature of that correspondence in the discovery motion, as required by Local Rule 3.04(A)." *Davis v. Webb*, No. 4:11-cv-1906-JAR, 2013 WL 1867108, at *1 (E.D. Mo. May 2, 2013) (unpublished) (emphasis in original) (citing *Faretta v. California*, 422 U.S. 806, 934-35 n.46 (1975)). Plaintiff has not done so here. Even if this Court were inclined to review his motion on the merits, however, plaintiff has not sufficiently identified which discovery request responses were deficient or why. The motion to compel will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's a motion to compel [#86] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall advise the Court no later than March 19, 2021 whether he has received responses to the subpoenas that were served October 29, 2020. If he has not received responses, he should file a motion to enforce the subpoenas.

So ordered this 4th day of March, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE