**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **GEORGE F. ALDRIDGE, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:18-cv-00259-SNLJ** |
| | ) | |
| **NINA HILL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

Plaintiff, a prisoner in the Missouri Department of Corrections ("MDOC"), filed this lawsuit under 42 U.S.C. § 1983 alleging violations of his constitutional rights pertaining to medical care he received from defendant Hill. Numerous motions are currently pending before the Court, including defendant Hill's motion for summary judgment [#49], plaintiff's motion to strike sealed document [#62], plaintiff's motion under Rule 56(f) to deny defendant's motion for summary judgment [#87], plaintiff's motion for reconsideration [#95], defendant's motion to dismiss [#102], plaintiff's motion for sanctions [#104], plaintiff's motion under Rule 56(d) [#105], and plaintiff's motion to enforce subpoenas [#110]. The motions are mostly inter-related as explained below.

Defendant Hill filed a motion for summary judgment June 25, 2020. Plaintiff obtained an extension of discovery and served subpoenas on Anne Precythe, the Director of MDOC, and he obtained an extension of time in which to file his response to summary judgment. Meanwhile, plaintiff filed his motion to deny defendant's summary judgment

motion because had requested names of correctional staff who promulgated policies and procedures regarding lay-ins at the MDOC facility where defendant had treated plaintiff. He apparently seeks the names of those individuals so he could file an amended complaint against them.  Plaintiff also filed a motion to strike defendant Hill's declaration in support of summary judgment because, he says, it is perjured.

On December 14, 2020, this Court, while investigating whether and when the subpoenas had been served on Precythe, advised plaintiff that his "response shall be due 21 days after the subpoenaed parties provide documents to the plaintiff" and "plaintiff shall notify the Court if he does not timely receive a response to the subpoenas after receiving confirmation that the subpoenas had been served."  [#85 at 3.]

On February 25, 2021, this Court learned that the subpoenas in question had in fact been served on October 29, 2020.  Thus, the Court advised plaintiff he should advise whether he had received a response and, if not, he should file a motion to enforce the subpoenas.

On March 4, defendant Hill filed her motion to dismiss.  Defendant alleges that, in fact, plaintiff received a response to the subpoenas in mid-November.  In support, defendant filed as an exhibit a letter from the Office of the General Counsel for MDOC to plaintiff dated November 10, 2020.  The letter generally advised plaintiff to seek the documents from other sources and constitutes MDOC's response to the subpoenas. Counsel for MDOC also contacted the Court when advised of the dispute and explained that although he had sent his letter response to plaintiff, that he could not be sure plaintiff had received the response.  Counsel for Precythe did, however, state that he sent defense

counsel a copy of the response at the same time—that is, in November.  It is entirely

unclear to this Court why defense counsel did not speak up in December, when this Court

explained it was investigating whether and when the subpoenas had been served.  Three

months were wasted in the meantime while defense counsel sat on this information.

Despite this, defendant Hill suggests that plaintiff needlessly wasted time and filed

frivolous motions while misrepresenting the status of the subpoenas to the Court and

requests dismissal as a sanction against plaintiff.

Again, MDOC Counsel stated he cannot be sure the plaintiff even received the

November 10 letter, and plaintiff denies that he received it.  Plaintiff moves to enforce

the subpoena.  MDOC's response is, in essence, that Director Precythe does not have

custody and control over the documents plaintiff seeks.  MDOC Counsel states:

> First, Director Precythe is not the custodian of these records, and
> therefore she is unable to produce any of the requested information. I will
> attempt to guide you in the appropriate direction below.
>
> Second, your subpoenas command compliance five days before they
> were issued—well before the department received them; compliance by the
> specified date is impossible even if received on the date of issuance.
>
> Regarding your request for housing logs, this information would
> belong to the institution itself. I note that you are currently housed at
> Eastern Reception Diagnostic Correction Center, but your request appears
> to target Southeast Correctional Center. I recommend directing your request
> as appropriate.
>
> Regarding your request for statements and reports involving
> Defendant Nina Hill, those would similarly belong to the institution
> itself. However, it is my understanding that Ms. Hill is not an
> employee of Missouri Department of Corrections; rather, I believe she is
> employed by Corizon, who may be the appropriate custodian of some of the
> records and information you seek.

Regarding your request for your legal materials, this would also be processed through your institution. I recommend redirecting your request there to be processed in accordance with policy.

Regarding your request for Institutional Services procedures, this would also be an appropriate request for your institution's records department to process in accordance with policy. Finally, please note that your status as an offender may limit your access to some of the information that you are requesting. This is reinforced by statute (§ 217.075 RSMo) as well as departmental policy. Each custodian referenced herein will operate in accordance with those authorities as appropriate.

With the foregoing points in mind, the rules of procedure traditionally account for undue burden and expense to protect those who are subject to subpoenas. Rule 45(d)(1). In light of the service to the improper person, the impossible time allowed for compliance, and the statutory and policy-based prohibition of certain requested disclosures, the department – a non-party in this case – maintains the position that complying in full with the subpoena would amount to an undue burden.

[#111.]

First, the Court notes that Precythe's objection pertaining to the impossibility of her compliance in light of the deadline five days before service of the subpoenas is specious.  Counsel for MDOC must know that plaintiff, a pro se prisoner, had no control over when his subpoenas were served by the United States Marshal's Service, and of course Precythe was allowed reasonable time to comply.  The timing alone does not excuse Precythe from compliance.

Second, MDOC Counsel advises plaintiff that he should seek housing logs and his legal materials from the relevant correctional facility (in this case, Southeast Correctional Center and Eastern Reception Diagnostic Correction Center, respectively) and statements and reports involving defendant Hill from her employer, Corizon.  Counsel states that Precythe has no custody or control over these materials.

4

Starting with documents pertaining to Hill's statements, the Court disagrees that the subpoenas requests materials that necessarily should be obtained from Corizon.  The subpoena seeks "all staff statements, staff reports, generated by Nina Hill, Nurse Practitioner at SECC contained in all IRR, Grievance, or Grievance Appeal pursuant to Policy D5-3.2 111 5 3 and 4 between August 20, 2015 and December 21, 2017."  It is unclear why MDOC would not have these records.  Regardless, the Court concludes that the request is grossly overbroad as it is written, but it appears plaintiff meant to refer only to IRRs/Grievances pertaining to himself.  In this Court's Order dated September 16, 2020 [#63], the Court noted that plaintiff sought "Hill's statement/report [in response to IRRs/grievances] as it pertains to the claims of this case.  The Court sees no reason why plaintiff should not be entitled to the rationale defendant gave to the grievance officials in caring for plaintiff's condition."  MDOC Counsel and counsel for defendant Hill should confer regarding whether any such materials have already been produced to plaintiff by defendant Hill.  Then, either MDOC or defendant Hill should produce to plaintiff any statements/reports made by Hill as part of any of plaintiff's internal resolution/grievance matters during the time period requested to the extent Hill has not already produced those materials.

As for plaintiff's legal materials, it is unclear why those are still being withheld from him.  Plaintiff states in an IRR that he tried to obtain his legal materials from storage (where they apparently were kept while he was in administrative segregation) and he explained that he needed them to respond to a summary judgment motion then due on December 9, 2020.  [#110-4.]  The response provided to plaintiff on February 5, 2021

5

was that "a written request must be submitted by the offender to retrieve the materials they desire," and that plaintiff had "provided no evidence of [making such a written request]."  Plaintiff has clearly attempted to obtain his legal materials through the channels within his institution.  It is unclear what further written request plaintiff was required to make.  Counsel for MDOC is hereby instructed to ensure that plaintiff is able to obtain the legal materials he needs to continue to prosecute his claims.

Finally, plaintiff's housing logs request:  In this Court's September 16 order, the Court approved plaintiff's seeking his "individual confinement record from August 20, 2015 until December 21, 2017," which contains "entries of events involving the plaintiff's confinement in AD/SEG…[that] document [medical] problems plaintiff had." [#63 at 2].  Counsel for MDOC is hereby instructed to see that these documents are produced to plaintiff from SECC, which is apparently where such records are stored, but over which Director Precythe certainly has control.

Plaintiff's **motion to enforce the subpoenas** is thus granted in part, but his **motion for sanctions** against Director Precythe is denied.  Counsel for defendant Hill and MDOC Counsel shall proceed as directed above, and they shall each file a written update with the Court regarding their efforts to provide plaintiff with the documents addressed herein by April 30, 2021.

Defendant's **motion to dismiss** will be denied.

Plaintiff's **motion to reconsider** is directed to this Court's order allowing defendant to file a sur-reply in response to plaintiff's motion to compel.  The motion to compel was denied after substantial briefing.  The Court declines to reconsider its order.

6

Next, plaintiff's **motion pursuant to Federal Rule of Civil Procedure 56(d)** seeks information he says he requires in order to oppose defendant's motion for summary judgment.  Specifically, he seeks the names of correctional staff who may have promulgated certain policies, staff that superseded defendant's discretion regarding plaintiff's lay-ins, and staff who identified extra pillows as a security hazard.  He says the motion for summary judgment should be denied because he may need to amend his complaint to reflect a proper party to the suit.  He files the motion in conjunction with his substantially similar **motion under Rule 56(f)** because he "learned that the proper rule is 56(d)."

Rule 56(d) allows the court to defer  considering  a  motion for summary judgment if a party opposing the motion "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d); *Chambers v. Travelers Cos., Inc*., 668 F.3d 559, 568 (8th Cir. 2012). Rule 56(d) reflects the principle that "summary judgment is proper only after the nonmovant has had adequate time for discovery." *Ray v. Am. Airlines, Inc*., 609 F .3d 917, 923 (8th Cir. 2010) (citation omitted).  Rule 56(d), however, "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Duffy v. Wolle*, 123 F.3d 1026, 1040 (8th Cir.1997).

Notably, the deadline to add parties or to amend pleadings in this case was September 25, 2019.  Plaintiff has already sought and obtained numerous extensions of the discovery period, and his latest round of wished-for inquiries are entirely speculative

and far too late.  Moreover, even if NP Hill mistakenly believed that she was not permitted to order extra pillows for plaintiff, this belief does  not  give rise to a  genuine issue  of  material  fact  as  to  whether  Hill  violated plaintiff's Eighth  Amendment rights. Plaintiff's Rule 56(d) and (f) motions are denied.

        Accordingly,

    **IT IS HEREBY ORDERED** that plaintiff's motion under Rule 56(f) to deny defendant's motion for summary judgment [#87], plaintiff's motion for reconsideration [#95], defendant's motion to dismiss [#102], plaintiff's motion for sanctions [#104], plaintiff's motion under Rule 56(d) [#105] are **DENIED**.

    **IT IS FURTHER ORDERED** that plaintiff's motion to enforce subpoenas [#110] is **GRANTED** in part as explained herein. Counsel for defendant Hill and MDOC Counsel shall proceed as directed above, and they shall each file a written update with the Court regarding their efforts to provide plaintiff with the documents addressed herein by April 30, 2021.


        So ordered this 7th day of April, 2021.


_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE