UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **GEORGE F. ALDRIDGE, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:18-cv-00259-SNLJ |
| ) | |
| **NINA HILL,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner in the Missouri Department of Corrections ("MDOC"), filed this lawsuit under 42 U.S.C. § 1983 alleging violations of his constitutional rights pertaining to medical care he received from defendant Hill.  Numerous motions are again pending before the Court, including defendant Hill's motion for summary judgment [#49], plaintiff's motion to strike sealed document [#62], plaintiff's motion to appoint counsel [#113, #126], plaintiff's motion for sanctions [#118, #122], plaintiff's motion for reconsideration [#120], plaintiff's motion for contempt [#124], plaintiff's motion for in camera review [#125], plaintiff's motion to compel [#128], and plaintiff's motion regarding alleged lies and deceit [#134].  The motions are mostly inter-related as explained below.

Defendant Hill filed a motion for summary judgment June 25, 2020.  Plaintiff obtained an extension of discovery and served subpoenas on Anne Precythe, the Director of MDOC, and he obtained an extension of time in which to file his response to summary

judgment. Plaintiff also filed a motion to strike defendant Hill's declaration in support of summary judgment because, he says, it is perjured.

On December 14, 2020, this Court, while investigating whether and when the subpoenas had been served on Precythe, advised plaintiff that his "response shall be due 21 days after the subpoenaed parties provide documents to the plaintiff" and "plaintiff shall notify the Court if he does not timely receive a response to the subpoenas after receiving confirmation that the subpoenas had been served." [#85 at 3.]

The Court will not belabor the events that followed. Suffice to say that, on April 7, 2021, this Court ordered counsel for defendant Hill and Precythe's MDOC Counsel to each file a written update with the Court regarding their efforts to provide plaintiff with the documents addressed by the April 7 order by April 30, 2021. Defendant Hill and Precythe have done so, assuring the Court that they have provided appropriate documents to plaintiff.

Plaintiff's first **motion to appoint counsel**, filed April 9, 2021, states that he is about to be transferred to another facility and that he would be placed in administrative segregation at the new facility due to the presence of known enemies at the facility. He said he would thus be delayed in receiving his legal materials for 30 days. He asks for the Court to appoint counsel or to enjoin his transfer to another facility. A brief delay in plaintiff's receipt of his legal materials is not a reason to appoint counsel. Plaintiff next filed a **motion to appoint counsel** on June 11, 2021. He states that the Court should appoint counsel because MDOC and defendant will not provide documents requested or subpoenaed, and that he cannot properly prosecute his case. Plaintiff has ably litigated

2

his discovery concerns and continues to be able to investigate and prosecute his claim; this Court has been lenient with respect to plaintiff's requests for extensions in light of his circumstances.

Plaintiff filed his first **motion for sanctions** on May 4, 2021.  Plaintiff is dissatisfied with the document productions to date and seeks to sanction MDOC, require MDOC to pay $15,000, and to replace his lost property.  Plaintiff's second **motion for sanctions** was filed on June 4.  He states that MDOC intentionally circumvented the Court's April 7 instructions by having staff at REDCC partially provide plaintiff subpoenaed documents.  He says MDOC only gave him parts of MDOC protocols that were already available to him in the library.  Plaintiff also asserts that on April 15, he was transferred to South Central Correctional Center (SCCC) and that all of his stored legal materials were now missing.  Plaintiff says that the ERDCC staff intentionally destroyed or are withholding his legal and other materials.

Counsel for third-party MDOC responded to the motion.  MDOC's counsel states that in fact plaintiff has 10 crates of property in storage at SCCC and that MDOC employees are attempting to work with plaintiff to allow him to review the materials in storage and select what legal materials he needs.   Plaintiff replies that MDOC "counsel has repeatedly called plaintiff a liar."  Plaintiff says his review of the materials revealed that they contained legal materials for other prisoners.  Plaintiff says he did not look at all 10 crates so he does not know what else is missing, but he also says that a number of items of personal property (i.e., a television, sweat pants, and numerous other items) are missing and that ERDCC has not adequately offered to reimburse him.  This lawsuit,

3

however, is not about plaintiff's missing property. To the extent plaintiff seeks to file a new lawsuit to make new claims, plaintiff may do so. (The Court notes, however, that plaintiff does not say whether he has attempted to resolve the matter through SCCC's grievance process.) Further, it is not clear how if at all plaintiff is unable to continue prosecuting this lawsuit even if his legal materials are missing. Plaintiff says he needed to review 20,000 pages of medical records in order to respond to summary judgment, and those documents are now missing. However, this matter is about defendant Nurse Practitioner Hill's medical treatment of plaintiff, and she has filed a motion for summary judgment with exhibits. It is not clear whether, in the time since plaintiff's motion, his documents have turned up. It is also not clear why plaintiff cannot respond to the motion using the exhibits attached to the motion. This matter is not about the entirety of plaintiff's lengthy medical record; the matter will turn on defendant Hill's individual involvement. This Court will deny the motions for sanctions. However, to avoid future complaints regarding the availability of the exhibits to defendant's summary judgment motion, the Court will order the Clerk to provide plaintiff with a complete copy of the briefing and exhibits for defendant Hill's motion for summary judgment.

Plaintiff has filed a **motion to reconsider the denial of his motion pursuant to Federal Rule of Civil Procedure 56(d), his motion for sanctions, and motion for injunction.** Plaintiff's Rule 56(d) motion had sought addition time to gather evidence, obtain additional information, and retain an expert witness to explore defendant Hill's statement that correctional staff at SECC identified extra pillows as a security hazard. The Court declines to reconsider its order. As for the motion for sanctions and injunction

4

against MDOC, counsel for MDOC—a nonparty—has spent considerable resources responding to plaintiff's allegations. Plaintiff's motions are without merit, and the Court declines to reconsider its order. This Court cannot order that plaintiff be moved to the facility of his choice nor otherwise interfere with MDOC's operations through this lawsuit. Plaintiff should accept counsel's invitation to use the internal grievance procedures to pursue such claims.

Plaintiff's **motion for contempt** with exhibits comprises 190 pages. Plaintiff asserts that MDOC counsel failed to provide him with requested documents and that defendant Hill's counsel colluded with MDOC counsel to redact certain statements. Plaintiff requests that the Court deny defendant's motion for summary judgment. Plaintiff also complains about access to his legal documents and accuses the Court of judicial incompetence. It appears to this Court that MDOC and defendant have complied with Court orders requiring production of documents. Although plaintiff complains he cannot access all the documents he would like to access in a timely fashion due to prison policy, plaintiff has also told the Court that the documents he needs to access are missing. It appears, at this point in the litigation, the plaintiff has the documents he needs to prosecute his case, and much of his actions over the last 14 months have served to stall the proceedings rather than addressing the narrow issue currently before the Court on summary judgment. Plaintiff will have access to the defendant's motion for summary judgment and all the exhibits, which will be sent to plaintiff by the Court. Plaintiff will then be required to respond to the defendant's motion, which has been pending for over a

year. Plaintiff will have until September 15, 2021 by which to respond. The motion for contempt will be denied.

Plaintiff also filed a **motion for in camera review** of plaintiff's grievances that were filed against defendant Hill and SECC's medical department. Defendant Hill has stated that she did not make any statements or reports with respect to the grievance process, so she did not produce any such documents to the plaintiff. Plaintiff insists that defendant is lying and that her counsel and MDOC counsel are conspiring to withhold documents. So plaintiff asks the Court to conduct an independent investigation by reviewing all the grievances that were filed against defendant and SECC medical department on defendant's behalf and to get the statements and reports that both MDOC counsel and defense counsel have allegedly hidden. Plaintiff also demands appointment of counsel. Again, this matter involves the straightforward issue of whether defendant Hill was deliberately indifferent to plaintiff's serious medical need. This Court declines to conduct the independent investigation plaintiff seeks nor to appoint him counsel in this straightforward matter. Defendant Hill is not a custodian of the documents about which plaintiff complains. Plaintiff's allegations amount to wild conjecture and a distraction from the ultimate issues in the case. The motion is denied.

Next, plaintiff filed a **motion to compel** defendant to respond to his July 26, 2020 requests for production. Plaintiff did not include in his motion a certification that he attempted to confer with defense counsel regarding his discovery disputes prior to involving the Court. See Fed. R. Civ. P. 37(a)(1); E.D. Mo. L.R. 3.04(A). This Court "will not consider any motion relating to discovery and disclosure unless it contains a

6

statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord." E.D. Mo. L.R. 3.04(A). Although plaintiff is incarcerated, he is still required to correspond with opposing counsel with respect to any discovery dispute before filing a motion to compel; plaintiff is also required to describe the nature of that correspondence in the motion. *See Davis v. Webb*, No. 4:11-cv-1906-JAR, 2013 WL 1867108, at *1 (E.D. Mo. May 2, 2013); E.D. Mo. L.R. 3.04(A). Plaintiff did not comply with those requirements, nor does plaintiff even explain which responses he disputes or how the responses are deficient. The motion will be denied.

Finally, plaintiff filed a document titled "**plaintiff's motion directing the Court's attention to the MO DOC's counsel's lies and deceit concerning the response to the Court's subpoena enforcement order of April 7, 2021**." [#134.] Plaintiff explains that on June 17, a new box of legal materials was received by SCCC. He states that the materials had apparently been transferred from ERDCC over a year before his own transfer (he says that SCCC received the box on June 17, 2021, and that at some point the box had been transferred to "WMCC"). He wonders why these materials (which he does not otherwise identify) were transferred before he was, and also where his personal property has gone. Plaintiff says these facts contradict what MDOC counsel explained earlier and that counsel should thus be held in contempt.

Next, plaintiff says that the "Chapter 20" documents he wants have been publicly filed in another forum, thus he does not understand why he cannot have access to them.

7

There is a difference between documents that are publicly filed on the Court's electronic case filing system and documents that are freely provided to currently-incarcerated individuals. To the extent plaintiff seeks the production of those documents on the basis that they were filed in another case, the request is denied.

     Plaintiff finally seeks $15,000 to replace the 100,000 pages that he says have been lost and $300 to compensate him for other lost property. As already indicated, it appears plaintiff has access to the documents he needs for this straightforward case. If plaintiff seeks the return of property, he must employ the usual administrative procedures and file a new action. Those issues are not a matter for this case and this Court to take up.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to appoint counsel [#113, #126], plaintiff's motions for sanctions [#118, #122], plaintiff's motion for reconsideration [#120], plaintiff's motion for contempt [#124], plaintiff's motion for in camera review [#125], plaintiff's motion to compel [#128], and plaintiff's motion regarding alleged lies and deceit [#134] are **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's response to defendant's motion for summary judgment is due on September 15, 2021.

**IT IS FINALLY ORDERED** that the Clerk shall send to plaintiff a copy of defendant's motion for summary judgment and related documents, including the exhibits.

So ordered this 17th day of August, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE