UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **GEORGE F. ALDRIDGE, JR.,** )<br>  )<br>   **Plaintiff,** )<br>  )<br>v.   )<br>  )<br>**NINA HILL,** )<br>  )<br>   **Defendant.** ) | Case No. 1:18-cv-00259-SNLJ |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner in the Missouri Department of Corrections ("MDOC"), filed this lawsuit under 42 U.S.C. § 1983 alleging violations of his constitutional rights pertaining to medical care he received from defendant Hill.

Defendant Hill filed a motion for summary judgment June 25, 2020. Plaintiff obtained an extension of discovery and served subpoenas on Anne Precythe, the Director of MDOC, and he obtained an extension of time in which to file his response to summary judgment. The parties have since been in protracted litigation regarding whether and what documents both MDOC and defendant have provided to plaintiff. Clouding all of the motion practice has been plaintiff's repeated accusations that MDOC staff have improperly transferred him to another institution and, in the transfer process or perhaps unrelatedly, withheld plaintiff's legal, case-related materials from him.

On August 17, 2021, this Court addressed numerous pending motions by plaintiff and observed that "this matter is not about the entirety of plaintiff's lengthy medical record; the matter will turn on defendant Hill's individual involvement. This Court will

1

deny the motions for sanctions.  However, to avoid future complaints regarding the availability of the exhibits to defendant's summary judgment motion, the Court will order the Clerk to provide plaintiff with a complete copy of the briefing and exhibits for defendant Hill's motion for summary judgment."

The clerks did send plaintiff a complete copy of the briefing <u>and</u> exhibits for defendant Hill's motion for summary judgment.  Plaintiff was ordered to file his response brief in opposition to the motion, which has now been pending for 15 months, by September 15, 2021.

Instead, plaintiff filed a "motion for abeyance until plaintiff's subpoenas are enforced to the letter asked for."  [#140; *see also* #139.]  Plaintiff states that "on July 8, 2021, plaintiff had all the legal documents needed to prosecute his claims taken by the SCCC staff because plaintiff would not sign a waiver of enemies that was premade by staff stating that Christian Chilton was not his enemy."  He further states that the legal documents taken by staff had been authorized for plaintiff to have in his cell despite the fact that the volume of documents was over typical limits.  The documents included his discovery materials that he says he needs to respond to the summary judgment motion.  Then plaintiff returns to the matter of his September 2020 subpoena and argues that he has not received the documents to which he is entitled.  Despite plaintiff's suggestions of judicial misconduct and efforts to bait this Court with personal attacks, this Court disagrees with plaintiff's repeated arguments as a matter of law, as already explained in its several orders on this matter.  The parties and MDOC have spent a year addressing this matter.  It is time for plaintiff to respond to the motion for summary judgment.

Notably, plaintiff does not say he does not have access to summary judgment briefing and exhibits that were sent by the Clerk last month. Those documents alone total over 600 pages, and they directly pertain to defendant's motion. Regardless, in the interest of justice and out of an abundance of caution, this Court will address the substance of plaintiff's motion—namely, that plaintiff says again he cannot prosecute his case without access to the legal materials he identifies in his motion [#140].

However, the parties have put the Court in an impossible position. It is possible that, if plaintiff is overstating his circumstances with respect to access to his legal materials, that the situation is of plaintiff's own making and for the purpose of delay and harassment. It is also possible that plaintiff's materials have actually been confiscated for either innocent or nefarious reasons. Either way, MDOC staff may be permissibly or impermissibly interfering with plaintiff's ability to prosecute his case. Regardless of whether MDOC staff is permissibly or impermissibly interfering, however, this Court needs to know when plaintiff will have the materials he requires to respond to summary judgment.

Defendant Hill is not employed by MDOC, but she does have a contractual relationship with MDOC, and her counsel is presumably familiar with MDOC authorities. As such, counsel for defendant Hill shall report to this Court on what information they can find regarding plaintiff's access to legal materials and generally respond to plaintiff's August 30 and September 15 motions [#139; #140].

Third-party Precythe, who was the subject of a subpoena in this case and whose attorney is MDOC counsel Ty Barnes, should also respond regarding plaintiff's access to

3

his legal materials and generally to plaintiff's August 30 and September 15 motions [#139; #140] as they pertains to the removal of and access to plaintiff's legal materials related to this case.

Plaintiff is advised that the matter of his access to personal property is not at issue in this case.  If plaintiff seeks to bring a claim against the individuals responsible for allegedly confiscating his legal materials, or other personal property addressed in other memoranda to this Court, he must bring a separate law suit.

 Accordingly,

**IT IS HEREBY ORDERED** that defendant Hill and third party Ann Precythe, through counsel Ty Barnes, should respond to plaintiff's motions [#139; #140] as specified in this memorandum and order no later than September 24, 2021.

So ordered this 21th day of September, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE